## In re MARTIN.

### (Circuit Court, S. D. New York. May 11, 1899.)

BANKRUPTCY—SOLVENCY.

BROWN, District Judge. A debtor having permitted all his stock in trade to be sold under a judgment and execution, and the residue of his property being insufficient to pay his debts, held, upon the issue of "solvency," that the "fair valuation" of the goods levied on (Bankruptcy Law, § 1, subd. 15) must be taken with reference to the actual situation and the liability of the goods to sale under execution; and, if the sale under execution thereafter had was in all respects a fair and reasonable one, that the debtor was bound by the result as to the valuation of the goods, and could not prove his solvency by higher estimates of their value if they had been free from levy, and sold at retail, or in the ordinary course of business.

---

REYNOLDS v. RITCH et al. (Circuit Court, S. D. New York. April 3, 1899.) William Blaikie and Roger M. Sherman, for the motion. William B. Putney, for Amherst College. Bronson Winthrop, for Hamilton College. C. N. Bovee, for Thomas G. Ritch. John E. Parsons, for Bulkley & Vaughan. Noah H. Swayne, for Lafayette College.

LACOMBE, Circuit Judge. (1) The motion to require defendants to appear, demur, plead, or answer to the cross bill is denied. (2) The motion that this cause be heard with the principal cause instituted in the original bill by Emma S. Fayerweather and others is denied, with leave to renew when this cause is actually ready for hearing. (3) The motion that the testimony taken by the complainant under the replication to the plea and answer of trustees of Hamilton College to said original bill stand and be read and received with the same force and effect as if the same had been taken in support of the cross bill is granted. (4) The motion to stay proceedings is denied.